JULIO SOLLA, demandante y apelante, *v.* PETRA B. VDA. DE MARÍN, L. ALVAREZ y RAFAEL RUIZ, demandados y apelados.

No. 6210.—*Sometido:* Noviembre 14, 1935. *Resuelto:* Noviembre 27, 1935.

*M. Benítez Flores,* abogado del apelante; *R. Buscaglia,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Julio Solla radicó una demanda en la Corte de Distrito de San Juan contra Petra B. Vda. de Marín, L. Alvarez y Rafael Ruiz. La causa de acción en cuanto a la primera demandada se basa en que ésta radicó una demanda en la Corte Municipal de San Juan contra el ahora demandante en cobro de dinero, sabiendo que dicha demanda era improcedente y que el señor Solla no le debía cantidad alguna. La causa de acción en cuanto a los otros dos demandados se basa en que éstos prestaron fianza de $200 para responder de los daños y perjuicios que pudiera ocasionar un embargo trabado por Petra Vda. de Marín en la demanda que da origen a este pleito. El señor Solla reclama en esta demanda la cantidad de $200 por concepto de honorarios de abo-

gado en la corte municipal y en la corte de distrito. Reclama además $45 diarios que dejó de ganar por haber tenido que comparecer tres días ante la corte municipal y la corte de distrito por razón de la demanda de doña Petra B. Vda. de Marín. Alega el demandante que a consecuencia del embargo trabado sobre el dinero que tenía en el Banco Comercial de Puerto Rico, se vió obligado a no dar cumplimiento a una obligación que había concertado sobre compra de ganado, dejando de ganar en esa transacción la cantidad de $400. Solicita una suma adicional de $2,000 de daños y perjuicios ocasionados por los malos ratos y trastornos sufridos y por la humillación a que ha sido sometido, la cual afecta su crédito comercial y los negocios a que se dedica, todo lo cual proviene de la demanda y el embargo efectuados por Petra B. Vda. de Marín.

Los señores Rafael Ruiz y L. Alvarez fueron emplazados debidamente. La Sra. Petra B. Vda. de Marín fué emplazada por edictos, debido al hecho de que se encontraba en los Estados Unidos al tiempo de radicarse la demanda, pero no se le embargaron bienes en Puerto Rico. Los demandados Rafael Ruiz y L. Alvarez presentaron una excepción previa ante la corte de distrito por falta de jurisdicción, la cual fué declarada con lugar. Posteriormente el abogado del demandante presentó una moción de reconsideración de la resolución de la corte sobre la referida excepción previa y la corte reconsideró su resolución y declaró sin lugar la excepción previa por falta de jurisdicción, concediendo diez días a los demandados para contestar.

Los demandados presentaron entonces una excepción previa por falta de hechos, la cual fué declarada con lugar por la corte de distrito, concediéndole un plazo al demandante para que enmendara la demanda, si ésta era susceptible de enmienda. El demandante solicitó de la corte que dictara sentencia sobre las alegaciones y ésta así lo hizo, agregando en dicha sentencia que declaraba sin lugar la demanda por

el motivo adicional de que la corte no tenía jurisdicción sobre los demandados L. Alvarez y Rafael Ruiz. De esta sentencia el demandante ha apelado a este tribunal.

Los demandados Rafael Ruiz y L. Alvarez establecen la excepción privilegiada de falta de jurisdicción alegando que Petra B. Vda. de Marín, demandante en el pleito municipal, no es ni ha sido nunca una verdadera parte demandada en el presente litigio. La acción se ha seguido exclusivamente contra los demandados apelados, quienes suscribieron a favor de Julio Solla el contrato de fianza que se relaciona en la demanda. Arguyen dichos demandados que la única relación jurídica existente entre ellos y el demandante apelante surge del contrato de fianza, en virtud del cual se obligaron a indemnizar daños y perjuicios por la cantidad de $200. Agregan que, aceptando como ciertas todas las alegaciones de la demanda, no podría dictarse sentencia contra ellos por una cantidad mayor de $200, que es la suma a que asciende la fianza.

No hay duda alguna de que la Sra. Petra B. Vda. de Marín no ha estado nunca bajo la jurisdicción de la corte inferior. Como dijo esta corte al declarar sin lugar una moción de desestimación presentada por la parte apelada, esta señora no es ni ha sido nunca una verdadera parte demandada en el presente litigio. Así lo reconoció el mismo demandante en su alegato presentado ante este tribunal oponiéndose a la moción de la parte apelada para que se desestimase el recurso interpuesto. En dicho alegato dice el demandante que la sentencia dictada en este caso se contrae única y exclusivamente a los demandados L. Alvarez y Rafael Ruiz, que fueron los que comparecieron estableciendo excepciones, y no a la Sra. Vda. de Marín, quien no puede ser afectada por una modificación o revocación de la sentencia apelada, porque los tribunales de Puerto Rico no han adquirido jurisdicción sobre ella.

La corte de distrito sostiene que la demanda no aduce he-

chos suficientes para sostener una causa de acción y agrega como motivo adicional que carece de jurisdicción sobre los demandados apelantes. Aún en la hipótesis de que existiese causa de acción contra los demandados, la ausencia de jurisdicción es a nuestro juicio clara, porque los fiadores no pueden ser responsables por una cantidad mayor de $200, que fué la fianza exigida por la corte municipal para decretar el embargo. Esta cantidad está fuera de la jurisdicción de la corte de distrito. En cuanto a la Sra. Petra B. Vda. de Marín, no se ha establecido controversia alguna entre ella y el demandante, porque no ha sido parte en este litigio ni ha comparecido, ni existen probabilidades de su comparecencia. El hecho de que se reclame una suma mayor de $500 y que se haga figurar en la demanda a una persona que nunca ha estado bajo la jurisdicción de la corte, no puede conceder jurisdicción a dicho tribunal sobre la persona de los demandados que en ningún caso serían responsables por una suma superior al importe de la fianza.

*Debe confirmarse la sentencia apelada.*