JULIO SOLLA, demandante y apelante, *v.* PETRA B. VIUDA DE MARÍN, L. ALVAREZ y RAFAEL RUIZ, demandados y apelados.

Núm. 7336.—*Sometido:* Junio 22, 1936. *Resuelto:* Julio 8, 1936.

*M. Benítez Flores,* abogado del apelante; *R. Buscaglia,* abogado de los apelados.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Se pide la desestimación de este recurso por frívolo.

Los autos demuestran que dictada sentencia condenando en costas al demandante, los demandados Alvarez y Ruiz presentaron un memorándum reclamando diez dólares por concepto de honorarios del Secretario y trescientos cincuenta por el de honorarios de abogado.

El demandante impugnó la primera partida por excesiva y la segunda por excesiva y por no estar justificada, alegando además que la corte carecía de jurisdicción para conocer y resolver la reclamación. No argumenta sus contenciones.

Incluído el asunto en el calendario y llamado para vista sólo compareció el demandante por su abogado. Pidió que se desestimara el memorándum por la falta de comparecencia de la parte que lo presentara. Durante la misma sesión dicha parte por su abogado pidió a la corte que no accediera a la petición de desestimación por ser su propósito proseguir el asunto pidiendo a su vez que éste pasara al Juez de Jesús que era el que había dictado la sentencia. La corte resolvió ambas peticiones, como sigue:

"La falta de comparecencia de los demandados, al ser llamado para vista el memorándum, no produce necesariamente su desestimación cuando se demuestra el propósito de seguir adelante el procedimiento, y por cuanto el memorándum ni la impugnación se han considerado por el tribunal,

"Se declara no haber lugar a la desestimación solicitada y se ordena que el memorándum y su impugnación queden pendientes de nuevo señalamiento que podrá hacerse en calendario especial para ante el juez sentenciador."

En el nuevo día señalado, las partes comparecieron y "sometieron el memorándum de costas presentado y su impugnación, sin ofrecimiento alguno de prueba." Y la corte puso término al asunto por medio de la siguiente resolución:

"Visto el memorándum de costas presentado por los demandados y vista la impugnación radicada por el demandante, la corte, teniendo

en cuenta el trabajo realmente realizado por el abogado de los demandados, la cuantía envuelta y la naturaleza del caso, reduce la partida de honorarios de abogado de $350 a $200, y aprueba el memorándum de costas por la cantidad total de $210. Notifíquese.''

No conforme el demandante, interpuso el presente recurso de apelación.

¿Es frívolo? A nuestro juicio lo es porque ¿qué otra resolución podrá dictarse que no sea la de la confirmación de la resolución apelada siendo las resultancias de autos las que dejamos expuestas?

No tenemos el beneficio de una contestación por escrito a la moción de desestimación. Nos parece recordar que oralmente se refirió el abogado del apelante en el acto de la vista de la moción a los antecedentes del caso para sostener la falta de jurisdicción que alegara, y a la no presentación de prueba por parte de los demandantes de los honorarios reclamados.

Veamos los antecedentes. Constan de nuestra decisión en el caso de *Solla* v. *Alvarez*, 49 D.P.R. 120. Esta corte confirmó la sentencia de la corte de distrito apelada declarando la demanda sin lugar por falta de hechos suficientes para establecer una causa de acción y por el fundamento adicional de que la corte carecía de jurisdicción, y dijo:

''Aún en la hipótesis de que existiese causa de acción contra los demandados, la ausencia de jurisdicción es a nuestro juicio clara, porque los fiadores no pueden ser responsables por una cantidad mayor de $200, que fué la fianza exigida por la corte municipal para decretar el embargo. Esta cantidad está fuera de la jurisdicción de la corte de distrito. En cuanto a la Sra. Petra B. Vda. de Marín, no se ha establecido controversia alguna entre ella y el demandante, porque no ha sido parte en este litigio ni ha comparecido, ni existen probabilidades de su comparecencia. El hecho de que se reclame una suma mayor de $500 y que se haga figurar en la demanda a una persona que nunca ha estado bajo la jurisdicción de la corte, no puede conceder jurisdicción a dicho tribunal sobre la persona de los demandados que en ningún caso serían responsables por una suma superior al importe de la fianza.''

El hecho de que una corte de distrito desestime una demanda por falta de jurisdicción, no implica que carezca de ella para condenar al demandante a pagar al demandado las costas que le hubiera ocasionado con motivo del litigio y para fijar luego dentro del procedimiento apropiado el montante de dichas costas. Carece, pues, de mérito la contención del apelante sobre falta de jurisdicción.

■ Tampoco lo tiene la de falta de prueba de los honorarios. El memorándum está jurado de acuerdo con la ley y se presentó dentro del pleito a los efectos del cumplimiento de uno de los pronunciamientos de la sentencia dictada en el mismo. De suerte que sin necesidad de prueba adicional, la corte contaba con elementos ante ella para resolver la cuestión planteada. Es cierto que en algunas ocasiones se introduce prueba pericial sobre el valor de los honorarios, pero tal prueba no es imprescindible.

■ Resta sólo la cuestión de la cuantía de los honorarios. Debe quedar en pie la fijada por la corte. Examinados los autos del pleito elevados con motivo de la apelación anteriormente establecida contra la sentencia final dictada en el mismo, no resulta excesiva.

*Debe declararse con lugar la moción y desestimarse el recurso.*

El Juez Asociado Señor Córdova Dávila no intervino.